IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY R. DAVIS,
 Plaintiff,

v.               No:  5:07cv126/MCR/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
 Defendant.
_____

REPORT AND RECOMMENDATION

  This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Davis' application for disability insurance benefits under Title II of the Act.

  Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

PROCEDURAL HISTORY

  Plaintiff filed an application for disability insurance benefits claiming an onset of disability as of December 31, 2003.  The application was denied initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law

Judge (ALJ).  A hearing was held on March 15, 2006 at which plaintiff was represented by counsel and testified.  A vocational expert also testified.  The ALJ rendered an unfavorable decision on June 22, 2006 (tr. 14-20) and the Appeals Council declined review (tr. 5-7), making the decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  This appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that plaintiff had severe impairments of stomach ulcers, gum disease and vision and foot problems, but that he did not have an impairment or combination of impairments that met or medically equaled one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; that plaintiff had the residual functional capacity to lift and carry 20 pounds occasionally and ten pounds frequently, and could sit, stand and walk for six hours in an eight hour workday; that he was unable to perform his past relevant work as a truck driver; that he was a younger individual with a limited education; that there were jobs in the national economy that he could perform; and that plaintiff was not disabled as defined in the Act.

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence.  *Falge, supra*.  The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles.  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles."  *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).  In determining whether substantial

evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

*Case No: 5:07cv126/MCR/MD*

**The claimant bears the burden of establishing a severe impairment that keeps him from performing his past work. If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, claimant must prove that _he cannot perform the work suggested by the Commissioner. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).**

## PLAINTIFF'S MEDICAL HISTORY

**There is scant medical documentation is the administrative record. The record reflects that in April 2002, which was 19 months before plaintiff's claimed onset date, he appeared at his local emergency room complaining of a cough and cold. He was given appropriate medications and discharged (tr. 106-107). Shortly thereafter, on May 22, 2003 he again appeared at the emergency room suffering from dental problems, stating that he was feverish and weak and was being treated by a dentist for abscesses. He was given a pain reliever and discharged (tr. 101-105).**

**Plaintiff saw a dentist on July 30, 2003 for a full mouth consult. He reported having pain with multiple teeth, swelling and running high fevers, and that he had been on antibiotics and pain medication. On examination the dentist found decay in several teeth, but did not see any sources of infection or swelling. A call was made to Dr. Larry Wilson, also a dentist, for a re-evaluation (tr. 84). Subsequently, Dr. Wilson wrote a letter, which is undated, which stated that in his opinion none of the plaintiff's dental problems would be a contributing factor in determining disability (tr. 85). Plaintiff had some dental work done in September 2003 where it**

was noted that only a few of his teeth would be removed at a time because of the cost (tr. 113).

On March 19, 2004, which was three months after plaintiff's claimed onset date, he returned to the emergency room complaining of dental problems and upper respiratory problems. An x-ray disclosed no pneumonia but did not exclude bronchitis (tr. 96). On August 3, 2004 plaintiff returned to the emergency room, again complaining of dental problems. He also complained of fever and vomiting. He was given an antibiotic and something for gastrointestinal pain (tr. 86-90).

On February 11, 2005 plaintiff saw David Arnold, M.D., complaining of pain in his wrist and arm, blacking out three or four times a week, fainting once a month, and forgetfulness. His physical examination was essentially normal. His lungs were clear, his heart had regular rate and rhythm without murmurs or gallops, his liver and spleen were not enlarged, and there were no hernias, Plaintiff's extremities showed no swelling or joint tenderness or other abnormalities, his pulses were normal, and he was neurologically intact with normal motor and sensory deficits, reflexes and gait. Dr. Davis' assessment was syncope (fainting), and plaintiff was sent for laboratory studies (tr. 131).

Plaintiff appeared at the emergency room three more times before the hearing, on September 12 and September 13, 2005 and February 3, 2006, each time complaining of neck pain. He was treated conservatively and discharged each time (tr. 123-125, 133, 145).

Plaintiff was referred for an independent consultation with Mark Ellis, D.O. an internist. On October 20, 2004, Dr. Ellis recorded a history of blackouts and problems with nerves, hands, feet, shoulders, neck and ulcers (tr. 116). Plaintiff indicated that he had never been diagnosed with any of those conditions and had not been to a doctor except during visits to the emergency room. On physical examination plaintiff appeared to have slight loss of hearing bilaterally. There was

no tenderness in his neck, and his range of motion was normal. Examination of his arms and legs was normal with full range of motion as well as full grip strength and the lack of any spasm. He walked with a normal gait but claimed he was unable to toe or heel walk because of pain. He complained of pain in his arms and shoulders but he had normal muscle strength in both arms and legs. He complained of some tenderness to palpation in the low back but there were no muscle spasms or other abnormalities. Straight leg raising was negative. Plaintiff was neurologically intact. Dr. Ellis' impression was multiple complaints, unclear etiology because plaintiff had not been evaluated by a physician for any of his complaints. Dr. Ellis indicated that he had reviewed the medical records available as of that time and did not see any indication of blackout spells, which is consistent with the medical history outlined above (tr. 116-121).

Subsequent to the ALJ's decision, plaintiff presented medical records from a physician's assistant, Charles Winfrey, dated July 24, 2006, who recorded complaints of chronic neck and back pain (tr. 196). Plaintiff returned to Mr. Winfrey on August 4, 2006. His physical examination was unremarkable other than limited range of motion in the neck, which Mr. Winfrey thought was subjective. X-rays revealed significant degenerative disc disease in his neck. Mr. Winfrey felt that plaintiff needed an orthopedic consultation but plaintiff indicated that he could not afford it (tr. 194).

## DISCUSSION

The plaintiff argues that the ALJ erred in failing to find that his syncope and neck problems were severe, and in failing to order consultative examinations, thereby substituting his own opinion, and that plaintiff was disabled from his onset date as a matter of law. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue

thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of his physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

1.      <u>Severe conditions.</u>

Plaintiff first contends that the ALJ erred in not finding that the plaintiff's problems neck pain and with syncope - fainting or blacking out - were severe conditions.  At step two the ALJ must determine whether the claimant has a severe impairment.  20 C.F.R. § 1520(c).  The burden at this step is on the claimant.  *Chester v. Bowen, supra.*  The Commissioner's regulations provide:

> **What we mean by an impairment(s) that is not severe.**
>
> **(a) Non-severe impairment(s).** An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>
> **(b) Basic work activities.** When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include–
>
> **(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;**
>
> **(2) Capacities for seeing, hearing, and speaking;**
>
> **(3) Understanding, carrying out, and remembering simple instructions;**
>
> **(4) Use of judgment;**
>
> **(5) Responding appropriately to supervision, co-workers and usual work situations; and**
>
> **(6) Dealing with changes in a routine work setting.**

20 C.F.R. § 404.1521. The Commissioner has adopted an interpretive ruling that specifically addresses how to determine whether medical impairments are severe. The ruling provides in part:

> As explained in 20 C.F.R. §§ 404.1520, 404.1521, 416.920(c), and 416.921, at the second step of sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments "of such severity" as to be the basis of a finding of inability to engage in any SGA [substantial gainful activity]. An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities). Thus, even if an individual were of advanced age, had minimal education, and a limited work experience, an impairment found to be not severe would not prevent him or her from engaging in SGA.

SSR 85-28, 1985 WL 56856.

In *Brady v. Heckler*, 724 F.2d. 914 (11th Cir. 1984) the Eleventh Circuit used the test later adopted in SSR 85-28 to state that a claimant's abnormalities must be of such kind that they would not be expected to interfere with the individual's ability to work. The Eleventh Circuit has further explained that

> [s]tep two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

*McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Osborn v. Barnhart*, 194 Fed. Appx. 654 (11th Cir. 2006) (citing *McDaniel*). It is not for the reviewing court to say

that under these circumstances plaintiff's impairment is or is not trivial, only that the ALJ must properly justify his finding on that issue. And the ALJ's findings must be supported by substantial evidence.

Here the ALJ noted that plaintiff's neck and blackout problems were supported only by his subjective complaints, that he had never sought medical care other than to go to the emergency room, and then mostly for his dental problems (tr. 17). The ALJ further noted that by plaintiff's own admission he could stand for four to five hours and lift 15 to 20 pounds (*id.*). Dr. Ellis reported a normal physical examination with no tenderness in the neck, normal muscle strength, and a normal neurological examination. While the ALJ did not explain specifically why he did not find the neck and blackout problems to be severe, the medical record outlined above did not force such a finding. Plaintiff was never treated other than conservatively, and then only sporadically. Moreover, the ALJ found that plaintiff's claims were not fully credible, and his claimed blackouts were never witnessed by anyone. At best, his claims of blackouts were non-specific. There was very little in the record to support plaintiff's complaints in this regard, so "medical evidence establishe[d] only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on [plaintiff's] ability to work." SSR 85-28. The ALJ did not err in not finding that plaintiff's neck problems and blackouts were severe.

2.      <u>Consultative Examinations.</u>

Plaintiff also contends that the ALJ should have ordered consultative examinations by an orthopedist and a mental health expert. The Social Security disability benefits process is inquisitorial rather than adversarial, *Sims v. Apfel*, 530 U.S. 103, 110-111, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000), *Crawford & Company v. Apfel,* 235 F.3d 1298 (11th Cir. 2000), and is informal. *Richardson v. Perales,* 402 U.S. 389, 400-401, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Kendrick v. Shalala*, 998 F.2d 455, 456 (7th Cir. 1993); 20 C.F.R. § 404.900(b). With informality comes a duty

to develop a complete record as is done by European magistrates. *Kendrick,* 998 F.2d at 456. It is well established in this Circuit that the ALJ has an affirmative duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir. 1990); *Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The duty to develop the record exists even though the plaintiff is represented by a lawyer or paralegal. *Brown*, 44 F.3d at 934 (citing *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir.Unit B July 1981)); *Smith*, 792 F.2d at 1551 (citing *Cowart*, 662 F.2d at 735). This duty requires that the ALJ "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited," *Cowart*, 662 F.2d at 735 (citations omitted), and "investigate the facts and develop the arguments both for and against granting benefits." *Crawford & Company, supra*, 235 F.3d at 1304.

That does not mean, however, that the ALJ must search to the last document to find every possible piece of relevant evidence. Rather, he must have sufficient evidence to decide the case. The seminal cases in this circuit on the ALJ's duty to develop the record are *Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir. Unit B October. 15, 1981) and *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984). Both held that it is not necessary for the ALJ to order a consultative examination unless the record established that such an examination was necessary to enable the ALJ to make a decision. Where he has sufficient information to decide the case, however, he can do so. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (holding that where the record is complete and adequate to a decision, no showing of prejudice is made).

Moreover, "[t]he claimant has the burden of proving he [or she] is disabled, and is therefore responsible for producing evidence in support of the claim." *Ellison*

*v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); 20 C.F.R. § 416.912(a), (c).  Plaintiff here notes that in 1998, five years before his claimed onset of disability, he was noted to be depressed and anxious, but there is nothing more recent in the record that gives this observation any value or would suggest that examination by a mental health expert was required.  As to the orthopedist, plaintiff was fully examined by Dr. Ellis.  If Dr. Ellis had suggested referral to an orthopedist plaintiff's claim might have some weight, but Dr. Ellis found nothing to suggest that such a referral was indicated.  The ALJ had sufficient evidence to make his decision, and plaintiff is not entitled to reversal on this ground.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 21st day of May, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 5:07cv126/MCR/MD